UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.J.C.,<br><br>                          Petitioner,<br><br>           -v-<br><br>KENNETH GENALO, *et al.*,<br>                          Respondents. | |

26-CV-5234 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner A.J.C.,[1] a citizen of Peru, entered the United States in 2023 without inspection. (ECF No. 1 ¶ 12; ECF No. 8 at 2.) After he and his family were processed, they entered the United States. (ECF No. 1 ¶ 22.) A.J.C. was served a Notice to Appear in December 2023 and applied for asylum on February 28, 2024. (*Id.* ¶¶ 22, 24.) On March 25, 2026, while attending his check-in with Immigration and Customs Enforcement ("ICE") at 26 Federal Plaza in New York, New York, A.J.C. was detained by ICE officers. (*Id.* ¶ 23.) On June 22, 2026, A.J.C. filed a petition for a writ of habeas corpus. (*See generally id.*) At the time of the filing of the petition, A.J.C. was detained by Respondents at Orange County Jail in Goshen, New York. (ECF No. 8 at 1.)

Respondents assert the authority to detain A.J.C. under 8 U.S.C. § 1225(b)(2)(A), a provision of the Immigration Nationality Act pursuant to which detention is typically mandatory. (*Id.*) On April 28, 2026, the Second Circuit issued its decision in *Barbosa Da Cunha v. Freden*,

---

[1] A.J.C. separately moves to proceed using initials only and to redact certain identifying information. (ECF No. 4.) Substantially for the reasons stated in his motion, the Court grants the motion. *See A.J.M.C. v. Genalo*, No. 26-CV-2717, 2026 WL 905649, at *1 (S.D.N.Y. Apr. 2, 2026) (granting a habeas petitioner's motion to proceed under initials where petitioner has been seeking asylum in his removal proceedings because "the public interest in learning his identity is low" and Respondents are not prejudiced).

1

175 F.4th 61 (2d Cir. 2026), which held that "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Id.* at 69. Instead, Section 1226(a) "governs detention of [such] noncitizens." *Id.* Respondents contend that *Barbosa da Cunha* does not apply here because A.J.C. was apprehended shortly after crossing the border. (ECF No. 8 at 2.) But accepting Respondents' position would require the Court to adopt a strained reading of *Barbosa da Cunha* that runs contrary to the Second Circuit's clear holding that "Section 1226(a) plainly applies to noncitizens, like [A.J.C.], who are present in the United States, but charged as inadmissible for entering the country without inspection and admission." *Cunha*, 175 F.4th at 73. (*See* ECF No. 8-1 at 2-3 (charging A.J.C. as inadmissible).) The Court declines to adopt such a reading, as have other courts in this district. *See, e.g.*, *J.H.F. v. Arteta*, No. 26-CV-4076, 2026 WL 1724066, at *5 (S.D.N.Y. June 14, 2026); *Silva Rueda v. Catletti*, No. 26-CV-2977, 2026 WL 1194956, at *3 (S.D.N.Y. May 1, 2026).

In any event, Respondents concede that this case is on all fours with the Court's prior decision in *Yang v. Almodovar*, No. 25-CV-10265, 2025 WL 3678644 (S.D.N.Y. Dec. 18, 2025), which concerned a petitioner, like A.J.C., who was apprehended after unlawfully crossing the border, released from custody, and then detained by ICE at a later date. (ECF No. 8 at 3.) In *Yang*, this Court concluded that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs detention of such noncitizens. *Yang*, 2025 WL 3678644, at *1. As this Court stated in *Yang*, other courts have overwhelmingly reached the same conclusion. *Id.* (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-4 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2-5 (S.D.N.Y. Nov. 4, 2025); *Cardenas v. Almodovar*, No. 25-CV-

9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025)).

For the reasons stated in *Yang* and *Barbosa da Cunha*, this Court concludes that A.J.C. was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Id.* (quoting *Lopez Benitez*, 795 F. Supp. 3d at 491). Because A.J.C.'s detention is governed by § 1226(a) and there is no evidence of an individualized assessment "sufficient to qualify as a valid exercise of discretion," *Lopez Benitez*, 795 F. Supp. 3d at 496, his detention violates the Due Process Clause. *See, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at *7. Accordingly, he must be released. *See Yang*, 2025 WL 3678644, at *2.

Having determined that A.J.C.'s procedural due process rights were violated, the Court does not address his alternative arguments.

The petition for a writ of habeas corpus is GRANTED. Respondents are hereby ORDERED to release A.J.C., without electronic monitoring, including but not limited to GPS monitoring, no later than June 26, 2026, at 5:00 p.m. Respondents must release A.J.C. with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money. Respondents shall confirm compliance with these directives in a filing on the docket by end of day on June 26, 2026. Existing deadlines and the conference previously scheduled for June 26, 2026 at 3:00 p.m. are hereby adjourned.

The Clerk is directed to close the motion at Docket Number 4.

SO ORDERED.

Dated: June 25, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3